IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.:

| | |
|---|---|
| SPARROW S. BRANKS,<br>    Plaintiff<br><br>v.<br><br><br>ANDERSON AUTOMOTIVE GROUP, LLC<br>dba FRED ANDERSON TOYOTA<br>OF ASHEVILLE,<br>    Defendant | )<br>)<br>)    COMPLAINT<br>)    EMPLOYMENT DISCRIMINATION<br>)    RETALIATION<br>)    INTENTIONAL INFLICTION OF<br>)    EMOTIONAL DISTRESS<br>)    CONSTRUCTIVE DISCHARGE<br>)    COMPENSATORY AND<br>)    PUNITIVE DAMAGES<br>)    JURY<br>) |

The Plaintiff, complaining of the Defendant, alleges:

This is an action pursuant to Title VII of the Civil Rights Act of 1964 alleging unlawful employment practices on the basis of sex requesting appropriate relief on the basis of sexual discrimination creating a hostile work environment. This action is also based on intentional infliction of emotional distress, retaliation and constructive discharge from employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3).

2. The employment practices alleged herein to be unlawful were committed within the jurisdiction of this Court. This Court has jurisdiction of the Plaintiff's common law claim for intentional infliction of emotional distress and the federal claim of constructive discharge from employment.

## PARTIES

1

3. The Plaintiff is a citizen and resident of Buncombe County, North Carolina.

4. The Defendant is a limited liability company organized and existing under the laws of the State of North Carolina having a principal place of business in Buncombe County, North Carolina.

5. At all relevant times the Defendant has been an employer engaged in an industry affecting commerce within the meaning of §701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h), and has had more than fifteen (15) employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding year.

6. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the last act of discrimination by the Defendant as alleged herein. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission to the Plaintiff on February 23, 2022, a copy of which is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS
## DISCRIMINATION ON THE BASIS OF SEX

7. The Plaintiff was employed by the Defendant as a new car salesperson in March 2020.

8. In January 2021, Plaintiff complained to Defendant's General Manager regarding the sexual harassment and discriminatory treatment on the basis of sex against her by her supervisor and other male employees. Plaintiff told the General Manager that her supervisor had undermined her job performance by continuously dismissing concerns that she expressed to him and refusing to discuss them with her. Plaintiff's supervisor readily discussed concerns expressed by male salespersons and

gave them assistance in performing their jobs that he explicitly denied to the Plaintiff. Plaintiff also advised the General Manager that her supervisor deliberately interfered with her interactions with customers, particularly female customers, by barking like a dog in their presence while she was engaging with the customers and soliciting their business with the Defendant.

9. Plaintiff's supervisor's job was to assist the salespersons by providing them numbers relating to prospective car sales and to assist them in making sales. Plaintiff's supervisor provided numbers and assistance to male salespersons but refused such numbers and assistance to the Plaintiff which prevented her from being able to perform the duties of her job as a salesperson.

10. Plaintiff's supervisor and other male employees consistently engaged in making vulgar, lewd comments about females in Plaintiff's presence.

11. When sexual harassment training was given to Defendant's employees, many of the males expressed in Plaintiff's presence that they considered it to be a joke. They openly laughed and joked about the harassment training in Plaintiff's presence. When Plaintiff stated that she thought the training was a good thing, she was greeted with open derision and scorn. The misogynistic culture in the workplace became worse after the sexual harassment training. Male employees openly discussed their sexual practices in her presence and referred to female customers in crude sexually explicit manners that they considered to be amusing. When a mother and her high school age daughter were in the show room, male salespersons in Plaintiff's presence described how they would like to have sex with the daughter and made degrading sexually oriented comments about the mother. Many of the male employees including managers participated in these activities even though the Plaintiff asked them to stop.

12. Plaintiff complained to Defendant's General Manager about how the culture of the workplace had created a hostile environment for her that interfered with her

3

ability to perform her job. She also told him that the sexual harassment training was not effective. His response was dismissive of her concerns, and nothing changed regarding the workplace culture after her complaints. Plaintiff made complaints about the hostile environment on several occasions. She was told it would be investigated but nothing ever changed.

13. The Plaintiff suffered sexual harassment as a result of the hostile work environment. The sexual harassment that created the hostile work environment was continuous and pervasive during the time the Plaintiff was employed by the Defendant. It continued throughout her employment despite her complaints to Defendant's supervisors and management. Defendant's management advised her that it was investigating her complaints, but the harassment and hostile environment continued unabated.

14. The Plaintiff is a female and the sexual harassment that she endured in Defendant's workplace was unwelcome. It had a detrimental effect on the conditions of her employment. Defendant was aware of the harassment and work environment and failed to take proper remedial action. The Defendant engaged in an unlawful employment practice as proscribed by 42 U.S.C. § 2000e-2(a)(1).

15. When Plaintiff was hired by the Defendant, she was told that she would receive appropriate training for her job. The male salespersons received training that was not provided for the Plaintiff. The Plaintiff complained to the General Manager about the lack of training being provided to her and repeatedly requested additional training and resources, but no change was made after her complaints.

16. In February 2021 Plaintiff was transferred to a position as VIP Service Sales Consultant/Acquisition Specialist. This was a position that involved the purchase by Defendant of automobiles that were brought in for service. In March 2021 a male employee was given a comparable position to that of the Plaintiff. The General

4

Manager advised Plaintiff that sales leads would be equally divided between them. The male employee was given more leads than the Plaintiff which allowed him to receive greater compensation than the Plaintiff for comparable work. The male employee was also given more training and tools relating to the position than were given to the Plaintiff. Due to the lack of appropriate training, lack of adequate tools, and fewer sales leads, the Plaintiff was prevented from earning compensation equal to that of the male salesperson.

## CONTRUCTIVE DISCHARGE

17. The Defendant, through its actions and inactions, rendered the Plaintiff's work environment so intolerable that she was forced to terminate her employment with the Defendant.

18. As a result of Defendant's actions and lack of action, Plaintiff became aware that there was no possibility that she would be treated fairly in that she had granted the Defendant a reasonable opportunity to correct the intolerable conditions under which she had been forced to work but Defendant had failed to take any remedial action to correct the conditions. Plaintiff was left with no choice except to terminate her employment with Defendant.

19. On August 2, 2021, Plaintiff was demoted to a different position without justification. On August 4, 2021, Plaintiff was forced to resign her employment with Defendant.

20. Plaintiff gave the Defendant sufficient time and opportunity to correct the intolerable conditions in its workplace. After enduring twenty months of abusive sexual harassment causing a hostile work environment and being retaliated against for complaining about the environment, she could no longer work for Defendant and maintain any dignity and self-respect.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. The Defendant engaged in extreme and outrageous conduct which was intended to cause and did cause severe emotional distress for the Plaintiff or Defendant's actions indicated a reckless indifference to the likelihood that they would cause severe emotional distress for the Plaintiff. Such extreme and outrageous conduct exceeded the bounds usually tolerated by decent society.

## PUNITIVE DAMAGES

22. The Defendant acted willfully, with malice, or with a reckless disregard for Plaintiff's rights such as to entitle Plaintiff to recover punitive damages.

## COMPENSATORY DAMAGES

23. As a result of Defendant's discrimination in employment on the basis of sex, infliction of emotional distress, and retaliation, the Plaintiff has incurred damages including back pay, loss of future income, pain and suffering, emotional distress, and medical expenses both past and prospective.

24. The Plaintiff is entitled to recover appropriate relief as provided in 42 U.S.C. § 2000e-5(g) including an injunction enjoining the Defendant from engaging in unlawful employment practices, reinstatement, back pay and other equitable relief that the court deems appropriate.

25. The Plaintiff is also entitled to recover compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a)(1) and (b) for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, the Plaintiff prays the Court:

1. That the Defendant be enjoined from engaging in unlawful employment practices as provided in 42 U.S.C. § 2000e-5(g)(1);

2. That the Plaintiff be granted appropriate relief as provided in 42 U.S.C. § 2000e-5(g)(1);

3. That the Plaintiff be granted appropriate relief as provided in 42 U.S.C. § 1981a for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and punitive damages;

4. That the Plaintiff have and recover damages from the Defendant for intentional infliction of emotional distress in a just, fair, and reasonable amount;

5. That the issues of fact herein be determined by a jury;

6. That the costs of this action be taxed against the Defendant including attorney fees for Plaintiff's counsel pursuant to 42 U.S.C. § 2000 e-5(k);

7. That the Plaintiff be awarded such other and further relief as the Court deems just and proper.

This the 20th day of May, 2022.

THE MOORE LAW OFFICE, PLLC

By: *(signature)*

George W. Moore
Attorney for Plaintiff
P.O. Box 7602
Asheville, NC 28802
NCSB#: 3073
828-258-8053
george@moorelawasheville.com