IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:22-CV-099-MOC-DCK

| | |
|---|---|
| SPARROW S. BRANKS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ANDERSON AUTMOTIVE GROUP, LLC, d/b/a FRED ANDERSON TOYOTA OF ASHEVILLE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Protective Order" (Document No. 18) filed March 6, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion. The parties' joint protective order follows below:

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This action arises out of Plaintiff's employment by Defendant. Plaintiff asserts claims of discrimination on the basis of sex, hostile work environment, retaliation, and constructive discharge. Defendant denies all liability and denies that Plaintiff is entitled to any relief. Because of the nature of the factual issues involved in this case, the parties anticipate that discovery in this case will include production and disclosure by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, employment records and financial records. Accordingly, the Court finds that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of

justice. Therefore, it is hereby ORDERED that the parties shall follow the procedures set forth below with respect to the information, documents, testimony, or tangible things produced or otherwise disclosed in this case.

1. <u>Confidential Information</u>. This Order applies to all Confidential Information. "Confidential Information" means any and all documents, information, or things ("Information") that a party has designated "CONFIDENTIAL" pursuant to this Order, except to the extent the designating party rescinds such designation or the Court determines that such designation is not proper. The term may include Information obtained by any party from a third party via subpoena, deposition, or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to, hard copy, electronically stored information, and audio and video recordings.

2. <u>Duty to Designate</u>. It is the duty of any party seeking protection under this Order to give notice that it believes certain Information constitutes Confidential Information by designating it "CONFIDENTIAL" in the manner set forth below. The duties of other parties and persons bound by this Order with respect to use and disclosure of Confidential Information arise only when such notice is given or as otherwise provided in Paragraph 4.

3. <u>Binding Order</u>. This Order binds each named party, including its officers, directors, members, managers, employees, representatives, and agents, who receives Confidential Information in connection with this litigation and each third party who receives Confidential Information in connection with this litigation.

4. <u>Manner of Designation</u>. A party seeking to protect Information under this Order, including a third party responding to a subpoena, must designate such Information "CONFIDENTIAL." Such a party may designate Information as "CONFIDENTIAL" only if that

party believes in good faith that the Information constitutes or contains information protected from disclosure by statute, information revealing trade secrets, sensitive commercial or financial records that a party has maintained as confidential or as a trade secret, medical information, personally identifiable information,, or personnel information. Information may be designated "CONFIDENTIAL" as follows:

  a. <u>Documents and Tangible Things</u>. A party or recipient of a subpoena may designate a document or portion of a document "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on each page so designated. A party may designate electronically stored information produced in native format "CONFIDENTIAL" by: (i) including the word "CONFIDENTIAL" in the filename of each file so designated, (ii) segregating the information so designated into folders or other distinct storage containers that are clearly named and/or labeled "CONFIDENTIAL," or (iii) any other method the parties agree to in writing for designating such information "CONFIDENTIAL."

  b. <u>Interrogatories and Requests for Admission</u>. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL."

  c. <u>Third-Party Discovery</u>. Information a party obtains by subpoena shall be served on all other parties within ten (10) days of receipt and shall be deemed Confidential Information from the time the subpoenaing party first receives them until fourteen (14) days after they have been served on all other parties. Any party may designate such Information as "CONFIDENTIAL" during the fourteen-day period described above. Any Information not designated "CONFIDENTIAL" by the recipient of the subpoena or

designated "CONFIDENTIAL" by a party prior to the expiration of the fourteen-day period described above shall cease to be deemed Confidential Information once such period expires.

  d. <u>Deposition Testimony</u>.  Any party may designate deposition testimony "CONFIDENTIAL" on the record during a deposition.  If such designation is made, those portions of the deposition involving such Confidential Information will be taken with no one present except those persons who are authorized to have access to such Confidential Information under this Order.  After the completion of a deposition, the entire deposition testimony shall be deemed Confidential Information until fifteen (15) days after the date the deposition transcript is received by both parties.  During that fifteen (15) day period, any party may designate testimony from the deposition "CONFIDENTIAL" by informing all other parties in writing of the portions of the transcript (identified specifically by page and line) and/or exhibits that it designates "CONFIDENTIAL."  Any deposition testimony not designated "CONFIDENTIAL" during the depositions or before the expiration of the time period set forth above shall cease to be deemed Confidential Information once such time period expires.  Notwithstanding this provision and the other provisions in this Order, deponents may review the transcripts of their own depositions.

  e. With respect to any Information previously disclosed in this civil action prior to the issuance of this Order, the parties shall have thirty (30) days from the date of this Order to designate any such Information as "CONFIDENTIAL."

  f. In the event that the methods of designating Information as "CONFIDENTIAL" described above prove infeasible with respect to a specific category or type of document, information, or thing, the parties may agree in writing to an alternate

method for designating such documents, information, or things "CONFIDENTIAL," and designations made pursuant to such written agreement will have the same effect as designations made pursuant to the methods described above.

5. <u>Failure to Designate</u>. A party's failure to designate Information as "CONFIDENTIAL" upon production or within the time limits applicable to deposition transcripts and subpoenaed materials does not waive the opportunity to make such designation under this Order, but the protections applicable to Confidential Information under this Order only apply after such designation is made or as otherwise provided in Paragraph 4.

6. <u>Use of Confidential Information</u>. All Confidential Information, including any copies or summaries thereof, shall be used solely for the prosecution or defense of this litigation and for no other purpose. Confidential Information shall not be given, shown, made available, discussed, or communicated in any manner, directly or indirectly, to any person not authorized to receive Confidential Information under this Order. If any Confidential Information is disclosed to any person not authorized to receive Confidential Information under this Order, the person responsible for the disclosure must promptly bring all pertinent facts related to such disclosure to the attention of counsel for the designating party and take all reasonable steps to prevent further disclosure or dissemination of such Confidential Information.

7. <u>Disclosure of Confidential Information</u>. Confidential Information may be disclosed to the following individuals:

    a. Outside counsel for the parties;

    b. Officers, directors, and managers of Defendant;

    c. Plaintiff (provided that Plaintiff's counsel must retain physical custody of any Confidential Information, including any copies thereof, disclosed to Plaintiff that

consists of employment personnel records maintained by Defendant for people other than Plaintiff);

    d.    The Court and those associated with or employed by the Court whose duties require access to Confidential Information;

    e.    Mediators selected by the parties and/or by the Court;

    f.    The officer taking, reporting, or videotaping a deposition and those employed by such officer to prepare a transcript or videotape of the deposition; and

    g.    Any other person with the written consent of the designating party.

8.    <u>Disclosure of Confidential Information Requiring Written Acknowledgment</u>. Confidential Information may be disclosed to the following individuals only on the condition that they first agree in writing, using the form attached hereto (the "Confidentiality Acknowledgment"), that they will strictly adhere to the terms of this Order:

    a.    Consulting or testifying experts retained by a party or its counsel in connection with this litigation;

    b.    Services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustration, or other demonstrative materials to be used in the litigation; and

    c.    Witnesses and prospective witnesses to the extent reasonably deemed necessary by counsel to give testimony regarding facts at issue in this litigation (provided that counsel for the disclosing party must retain physical custody of any such Confidential Information).

Counsel for the disclosing party is responsible for maintaining all such Confidentiality Acknowledgments for one year following the final conclusion of this action, including any appeals.

9. <u>Limitations on Confidential Information</u>. Nothing in this Order shall prevent a party from using or disclosing Information that it designated "CONFIDENTIAL" as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order. Nothing in this Order shall prevent a party from using or disclosing Confidential Information that it can establish that it rightfully knew prior to discovery in this matter or that become public through no act of such party or anyone to whom such party has disclosed such Confidential Information.

10. <u>Objections to Designations</u>. A party may at any time request in writing that another party rescind the designation of Information as "CONFIDENTIAL." If such a request is made, the parties shall confer in good faith about the designating party's reasons for making the designation and the objecting party's reasons for challenging such designation. If the parties are unable to reach agreement on whether the designation is proper, any party may raise the issue with the Court. Notwithstanding any such dispute, the challenged Information shall remain Confidential Information subject to protection under this Order unless and until the designating party rescinds such designation or the Court determines that such designation is not proper. Further, notwithstanding the designation or non-designation of any Information as "CONFIDENTIAL," the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

11. <u>Filing Under Seal</u>. A party seeking to file any of Information that it designated as "CONFIDENTIAL" shall do so under seal. Any such Information filed under seal shall be filed in accordance with Local Rule 6.1

12. <u>Court Proceedings</u>. If any Confidential Information is used in any court proceeding

in this action, it shall not lose its confidential status through such use, and the party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

13. <u>No Waiver</u>.  Acceptance or receipt by any party of any Information designated as "CONFIDENTIAL," or with no designation, shall not constitute a concession that the Information is properly so designated or not designated.  No designation under this Order or failure to challenge any designation made by another party under this Order shall be construed as or deemed an admission or agreement that any Information is or is not confidential, proprietary, or a trade secret; or is or is not subject to discovery; or is or is not admissible in evidence.

14. <u>Termination of Litigation</u>.  Within sixty (60) days of the final conclusion of this action, including any appeals, all Confidential Information received in discovery in this action, and all copies thereof, shall be destroyed by all parties other than the designating party, except that counsel for each party is entitled to keep copies of pleadings, court filings, discovery, and correspondence, and any attachments or exhibits thereto, including Confidential Information, used in this litigation in a secure storage area subject to the terms of this Order.  Upon request from the designating party, any other party shall confirm such destruction in writing to the designating party within five (5) business days.

15. <u>Continuing Effect</u>.  The provisions of this Order that restrict the disclosure and use of Confidential Information shall continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed to enforce the terms of this Order and redress any violation thereof.

16. <u>Notice</u>.  If a court, administrative agency, or any other person subpoenas or orders

production of any Information designated "CONFIDENTIAL" under the terms of this Order, the party subject to such subpoena or order shall notify the designating party of the existence of such subpoena or order at least 3 business days before the required date of production and no later than 5 days after receipt of the subpoena or order, and shall use its best efforts to afford the designating party an opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of such documents, information, or things. In addition, the parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has had access to any material designated "CONFIDENTIAL" of the substance of this Order.

17. <u>Violations</u>. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

18. <u>Limits on Order</u>. Nothing in this Order precludes any party from seeking and obtaining, on an appropriate showing, such additional protection as that party may consider appropriate with respect to Confidential Information. Nothing in this Order precludes any party from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated. This Order also shall be without prejudice to the right of any party to oppose production of any documents, information, or things on grounds other than confidentiality. Further, upon proper motion of any party or upon its own motion, the Court may, in its discretion, modify any of the provisions of this Order.

**SO ORDERED**.

Signed: March 7, 2023

_____
David C. Keesler
United States Magistrate Judge

WE CONSENT:

/s/ George W. Moore.  
George W. Moore  
NC State Bar No. 3073  
THE MOORE LAW OFFICE, PLLC  
P.O. Box 7602  
Asheville, NC 28802  
Telephone: (828) 258-8053  

*Attorney for Plaintiff*

/s/ David A. Pasley  
Zebulon D. Anderson  
North Carolina State Bar No. 20831  
David A. Pasley  
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP  
North Carolina State Bar No. 52332  
Post Office Box 2611  
Raleigh, North Carolina 27602-2611  
Telephone:   (919) 821-1220  
Fax:    (919) 821-6800  

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISON

| | |
|---|---|
| SPARROW S. BRANKS,           )<br>                              )<br>    Plaintiff,    )<br>                              )<br>v.                            )<br>                              )<br>                              )<br>ANDERSON ASHEVILLE, LLC       )<br>dba FRED ANDERSON TOYOTA      )<br>OF ASHEVILLE,                 )<br>    Defendant.   )<br>                              ) | Declaration of Acknowledgement<br>of Protective Order |

I, _____, have received a copy of the Consent Protective Order in the above-captioned matter, have read it, and agree to be bound by its terms. Without limiting the foregoing, I agree that I will not disclose Confidential Information except as permitted under the Consent Protective Order, and will not use Confidential Information that I obtain in connection with this matter for any purpose other than participating in this matter.

  I also agree to return to counsel of record not later than twenty (20) days after the termination of this matter any and all documents in my possession containing information which is the subject of the Protective Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of the Protective Order).

  I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of the Protective Order.

  Name (print): _____

  Signature: _____

Date: _____